Argued and submitted May 27, reversed and remanded for reconsideration
July 29, 1987

CHARLES WEST,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A41688)

739 P2d 1096

Reversed and remanded for reconsideration.

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Petitioner seeks review of the Parole Board order which set his parole date. He contends that, in computing his history/risk score, the Board erroneously considered juvenile convictions that had been expunged pursuant to court order and that his matrix range was adversely affected by the error. We agree and remand.

Petitioner was convicted of rape. During the presentence investigation, he told the presentence report writer that, when he was a juvenile, he was made a ward of the court and placed on probation for burglary and that in the following year he was sent to MacLaren. At the parole hearing, he argued that his juvenile record had been expunged and should not be used to affect his matrix range. The presentence investigation report states that the juvenile record had been destroyed. The Board used his admissions of the adjudications[1] in calculating his history/risk score.

The question is whether the Board can consider juvenile adjudications that have been expunged pursuant to ORS 419.800 through ORS 419.839, when the prisoner admits that they occurred. It might seem—given petitioner's admissions—that the Board should be able to consider the juvenile adjudications, expunged or not. The Board's rules provide otherwise.

OAR 255-35-015 provides that "The Board shall use the table in Exhibit B to make a criminal history/risk assessment * * *." Exhibit B is a form with various categories relating to the seriousness of the prior record and factors reflecting likelihood of success on parole, with different numerical values attached to each category. The sum of the values designated for each category is the history/risk score. Section (A) of Exhibit B provides that the person will receive three points if there are "[n]o prior felony or misdemeanor convictions as an adult or juvenile," two points for one prior conviction, one point for two or three prior convictions, and zero points for four or more.

---

[1] When a juvenile is found by the juvenile court to have committed a criminal act, technically the result is not a "conviction" of the crime, but an "adjudication" of delinquency for which the juvenile is within the jurisdiction of the juvenile court. Although defendant uses the term "juvenile conviction," we will use the correct term "adjudication."

Part II of Exhibit B consists of coding instructions to be used with the history/risk assessment form. Coding Instruction 2 under Section (A), the prior convictions category, provides:

"Juvenile Convictions. Count juvenile adjudications after age 16 for offense behaviors that would have been crimes if committed by an adult. Count adjudications transpiring prior to the 16th birthday if incarceration results. Do not count status offenses (e.g., runaway, incorrigibility, hitch-hiking, habitual disobedience, truancy, ungovernable juvenile). Do not count any juvenile charge which results in informal probation; however, formal probation and wardship are considered to constitute a conviction providing the foregoing criteria are met."

Coding Instruction 5 provides, in part: "Do not count any convictions which have been expunged pursuant to court order." Although it could technically be argued that the directive not to count expunged "convictions" does not apply to adjudications of delinquency for criminal acts, it is apparent from reading the instructions in their entirety that the Board uses the term "conviction" to include certain juvenile adjudications. Indeed, the form on which values are assigned for prior criminal acts refers to "prior felony or misdemeanor convictions as an adult *or juvenile.*" (Emphasis supplied.) The rules, coding form and coding instructions convince us that it is not the Board's intent to ignore completely a person's juvenile record, but to count some adjudications as convictions. We read Instruction 5 to mean that, when a juvenile record has been expunged, the "convictions" that otherwise would be counted under Instruction 2 should not be counted. Because the Board erroneously considered petitioner's expunged juvenile record when it calculated his history/risk score, we remand for recomputation.

Reversed and remanded for reconsideration.